### TOWN OF MABLETON *et al. v.* LOWE, executrix.

Where an owner of land agreed with the public authorities that a certain highway or street might be opened over and across his. lands along a defined strip thereof, and that a certain other street contiguous to the lands of the owner referred to should be closed and abandoned as a public highway and become the property of such owner, and that a bridge should be built across a railway in connection with other improvements made in the vicinity of the owner's property; and where the proposed street was actually opened and practically completed, and the street which under the agreement was to be closed had actually been closed and taken possession of in part by the estate of the owner (he having died before the completion of the work), his executrix, who was also a legatee under his will and brought her equitable petition in both capacities, seeking an injunction against the opening of the proposed street, was not entitled to that relief. The dedication of the land over which the proposed street was laid out was complete; and besides, there was such performance on the part of the public authorities of the contract with petitioner's testator as to render inequitable the grant of the relief sought.

NOVEMBER 14, 1914.

Injunction. Before Judge Patterson. Cobb superior court. May 9, 1914.

Mrs. S. J. Lowe, as executrix of the estate of T. J. Lowe, deceased, and as legatee under his will, brought her petition praying for injunction against the Town of Mableton, H. A. Gloer, mayor of the town, and certain named parties as councilmen. Among other things, the petitioner alleged that she, as executrix of said deceased and as legatee under his will, was in possession of a certain tract of land and home in the Town of Mableton, in front of which was a lawn, with shade-trees, which was adjoining and a part of said home; that the defendants had proceeded, without any legal right or authority whatever, and without any permission from her or any one else having any interest and authority over said property, to lay out and construct across said lawn a street or roadway for

the use of the public; that this was injurious to said property, and the injury would be irreparable unless the defendants were enjoined. She prayed that they be enjoined and restrained from going upon said property and constructing any street across it, or in any way interfering with her possession and enjoyment thereof. In their answer the defendants admitted that they had opened up the street or road complained of, but denied that this was done without permission of any one having any interest in or authority over said property. They insisted that the work was done upon authority given by T. J. Lowe in his lifetime; that an agreement was made with him whereby he was to give the land for a new street or road at the identical place where the road was laid out concerning which complaint was made, and whereby certain other roads or streets contiguous to the land of T. J. Lowe were to be closed, and the land so occupied was to revert to and become his property. Upon the hearing, after both sides had submitted evidence, the court granted the interlocutory injunction, and the defendants excepted.

*G. B. Gann, N. A. Morris,* and *G. D. Anderson,* for plaintiffs in error. *D. W. Blair* and *C. H. Griffin,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court erred in granting the injunction. It appears from the undisputed evidence in the case, that the petitioner's testator during his lifetime had agreed with one Headden, who was acting for Cobb County and the commissioners of roads and revenues, and with representatives of the Southern Railway, for the closing of certain street crossings east and west of the depot in Mableton, known as Lowe street and Peek street crossings, and the construction of a new crossing and the erection of a bridge over the railroad right of way. Among the changes agreed upon was, that a certain public road or street which then ran directly in front of Lowe's home and within a few feet of his doorsteps should be closed and the land occupied by the same revert to and become the property of Lowe, and in lieu thereof a new public road or street should be opened up to run across the right of way of the Southern Railway to where it joined the lands of Lowe, and thence for a distance of 160 feet over and through the lands of Lowe, which he gave for that purpose. It also appears that T. J. Lowe had in his lifetime definitely indicated the strip of land over which the proposed street was to be laid out; that before the filing of this petition for in-

junction the street had been practically opened over the identical strip indicated by him, requiring for its completion only the running of a scrape over it three or four times; and that wagons and teams had actually passed over it. The bridge over the railway had been completed, and the estate of T. J. Lowe had taken possession of a part, at least, of the street contiguous to his home which in pursuance of the agreement had been closed up and abandoned as a public highway and surrendered to the estate of T. J. Lowe in consideration of his giving the new street to the public. Subsequently to the aforementioned agreement between Lowe and the county authorities, the Town of Mableton was incorporated so as to take in these streets, and the town recognized the agreement and ratified the same on its part by opening up the proposed street as contemplated in the agreement made while T. J. Lowe was alive.

.To affirm the judgment granting the injunction would be to allow the petitioner, as the representative of the estate of T. J. Lowe, to take all of the advantages accruing to the estate from the agreement between him and the representatives of the county authorities, and to exempt the estate from any of the burdens imposed by the agreement. So far as appears from the pleadings and evidence in this case, the dedication of the strip of land over which the new street was opened was complete at the time of filing this petition. In the light of all the evidence, we find no ground upon which the petitioner could base her claim for the equitable relief sought; and it was error to grant the injunction.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*